**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2268
_____

UNITED STATES OF AMERICA

v.

DEVON WILLIAMS,
                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:14-cr-00244-001)
District Judge:  Hon. James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 17, 2020

Before:  JORDAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Filed: January 21, 2020)
_____

**OPINION**[*]
_____

KRAUSE, *Circuit Judge.*

Devon Williams appeals from the District Court's order revoking his supervised

release and sentencing him to a term of imprisonment and an additional period of

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

supervision. His counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). A review of the briefing and record reveals no nonfrivolous issue. So we will grant counsel's motion to withdraw and will affirm the District Court's judgment.

## DISCUSSION[1]

When confronted with an *Anders* brief, we first ask whether counsel adequately fulfilled the requirements of Third Circuit Local Appellate Rule 109.2(a). *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Williams's counsel thoroughly vetted the record and explored all possible avenues for appeal, including the District Court's jurisdiction, the adequacy and voluntariness of his client's admissions at the revocation hearing, and the legality and reasonableness of the resulting sentence. We conclude that counsel carried out the "conscientious examination" required by *Anders* and our local rule. *United States v. Marvin*, 211 F.3d 778, 779 (3d Cir. 2000) (citation omitted).

We next ask "whether an independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300. No such issue is presented here. The District Court had jurisdiction over Williams's underlying prosecution pursuant to 18 U.S.C. § 3231 and jurisdiction to revoke supervised release and to impose additional terms of imprisonment and supervision pursuant to 18 U.S.C. § 3583(e). While represented by counsel and after having been fully informed of his rights, Williams freely admitted to two violations of his conditions of supervised release. The sentencing transcript reflects that the District Judge meaningfully considered the factors listed in 18 U.S.C. § 3553(a). *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). The Court's ultimate sentence of seven months' incarceration to be followed by two years'

---

[1] As we write only for the parties, who are familiar with the background of this case, we need not reiterate the factual or procedural history.

supervised release was within the advisory sentencing guidelines range. It was also reasonable in light of how quickly Williams had violated the terms of his supervision and the need to "send the right message" that such terms must be obeyed. App. 26.

In sum, our independent review of the record convinces us that this appeal "lacks any basis in law or fact," *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988), and we therefore may "dispose of the appeal without appointing new counsel," 3d Cir. L.A.R. 109.2(a). Because previous counsel had been appointed under the Criminal Justice Act, we also make clear that there are no issues that warrant the filing of a petition for writ of certiorari in the U.S. Supreme Court. *Id.* 109.2(b).

### CONCLUSION

For the foregoing reasons, we will grant counsel's motion to withdraw and will affirm the District Court's judgment.